**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Martha A. Wanca | ) | |
| 74 Alpine Avenue | ) | |
| JBER, AK 99505 | ) | |
| | ) | |
|     *Petitioner/Complainant*, | ) | Civil No. |
| | ) | |
| v. | ) | |
| | ) | |
| The Honorable Eric D. Hargan | ) | |
| Secretary, U.S. Department of Health & | ) | |
| Human Services | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, DC  20201 | ) | |
| | ) | |
|     *Respondent/Defendant*. | ) | |

**PETITION FOR A WRIT OF MANDAMUS & COMPLAINT
FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW, Martha A. Wanca, Petitioner, Complainant, by and through undersigned counsel, and prays that this Honorable Court issue a Writ of Mandamus and grant relief under the Administrative Procedure Act (APA).  For the following, Petitioner, Complainant, Wanca respectfully submits the Court should grant the requested relief herein.

**I. Introduction**

1. This action is brought against the Respondent to compel action.  Specifically, Petitioner requests the Court to order (1) the Respondent to grant a waiver as detailed herein to allow for Petitioner to attain the next rank as a United States Public Health Service Commissioned Corps (hereinafter "USPHS") officer; (2) the Respondent to grant her relief for the Respondent's failure to comply with federal law; (3) the Respondent to pay Petitioner attorneys fees and costs; and, (4) grant any other relief that justice so requires.

## II. Jurisdiction

2.  This is a civil action brought pursuant to 8 U.S.C. § 1329 (Jurisdiction of district courts) and 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1361 (Action to compel an officer of the United States to perform his duty).  This Action is filed to reduce the deprivation of rights, privileges, and immunities secured to Petitioner by these statutes and to compel Respondent to perform duties he owes Petitioner.  Jurisdiction is also conferred by 5 U.S.C. §§ 702, 706 and 555. (Administrative Procedure Act).

3.  Petitioner Wanca is entitled to have action taken as demonstrated herein.

## III. Venue

4.  Venue is proper under 28 U.S.C. § 1391(e) because the principal Respondent/Defendant, The Honorable Eric D. Hargan, is being sued in his official capacity as the Secretary of the Department of Health and Human Services (hereinafter "HHS"), a U.S. agency which is headquartered in this district, which has jurisdiction over the USPHS.

## IV. Parties

5.  Petitioner is a citizen of the United States, residing at the address stated herein, and she serves as a Commander (hereinafter "CDR") on active duty in the Commissioned Corps.

6. Respondent is the Secretary concerned of the Department of HHS.  He is sued in his official capacity.

## V.  Statement of Facts

7  Commander Wanca was commissioned as a nurse in the United States Air Force Reserve at the age of 45 with more than 25 years of nursing experience.

8. Commander Wanca transferred from the USAFR to the PHS because, unlike other services within the DoD, the PHS has no mandatory retirement age.

9. Despite Commander Wanca's more than 30 years of nursing, or related experience, the PHS only credited her with seven years and one month of training and experience.

10. The timing of Commander Wanca's service in the USAFR and PHS, changes in laws related to appointment in the Regular Corps, timing of the receipt of her qualifying degree, and inter-service transfer results in her meeting the eligibility requirement for a permanent grade promotion before her eligibility for the temporary grade promotion.

11. Despite serving four years in permanent Senior grade (0-5), Commander Wanca was removed from the eligibility list for promotion to Senior grade (0-6).

12. The Commissioned Corps based Commander Wanca's removal from the (0-6) promotion eligibility list on the reliance of Commissioned Corps Permanent Grade Promotion policy. This policy, CC23.4.1, states "After original appointment, Regular and Reserve Corps officers must hold their temporary grade for at least 1 year prior to being promoted to the same permanent grade."

13. However, this Commissioned Corps policy conflicts with the federal statute 42 U.S.C. § 211, which mandates that permanent grade promotions be based on length of service. 42 U.S.C. § 211 states "Promotions of officers of the Regular Corps to any grade up to and including the director grade *shall* be either permanent promotions based on length of service, other permanent promotions to fill vacancies, or temporary promotions."

14. In addition, 42 U.S.C. § 211 provides that "No officer who has not had one year of service with *permanent or* [emphasis added] temporary rank in the next *lower* [emphasis added] shall be promoted to any restricted grade or to the director grade." Commissioned Corps policy has deviated from this language by requiring one year of temporary service in current grade.

3

15. Commander Wanca clearly meets the statutory requirements set out in 42 U.S.C § 211 because of her exceptional length of service and her one year of service in permanent and temporary grade in the next lower grade of (0-5).

16. The Office of the Surgeon General recognized Commander Wanca's unique circumstances and recommended the Assistant Secretary of Health approve a waiver of the policies related to permanent promotion criteria in order to adhere to the statutory promotion provisions under 42 U.S.C. § 211.

17. On February 3, 2012 the ASH approved Commander Wanca's waiver of the policy requirement to hold the temporary grade of O-5 for one year prior to promotion to the permanent grade.

18. On May 13, 2014, the Surgeon General again approved a waiver of the permanent promotion criteria for the 2015 O-6 Annual Permanent Promotion Board.

19. On December 6, 2016, Commander Wanca submitted a request through her chain of command to the Office of the Surgeon General to waive permanent promotion criteria for the 2017 O-6 APPB.

20. The Director, Indian Health Service Division of Commissioned Personnel Support (DCPS) denied the request and returned it without concurrence or action.

21. Thereafter, Commander Wanca resubmitted the request directly to the Office of the Surgeon General, who denied the waiver without justification on March 10, 2017, thereby denying Commander Wanca proper consideration for promotion.

22. On April 9, 2017, Commander Wanca submitted a request for redress related to the denial of her request for waiver of permanent promotion criteria.

23. The request for redress was submitted via email directly to Commander Wanca's supervisor, Mr. Maurice Sloan, and OPDIV Liaison, CDR Angela Mtungwa.

24. Both individuals acknowledged receipt of Commander Wanca's request for redress.

25. Mr. Sloan, however, returned the request without action due to alleged procedural errors, incorrectly stating the request was not properly submitted to him, and was not submitted within the required 30 days from the date of the incident.

26. In accordance with the Commissioned Corps Personnel Manual, CC26.1.6, Section F, 2, officers have 60 days after an offending incident to file a formal complaint.

27. On May 5, 2017, Commander Wanca timely submitted a formal employment discrimination claim by a commissioned corps officer.

28. In accordance with Commissioned Corps Personnel Manual, CC26.1.6, § D, Equal Opportunity is "consideration and fair treatment based on merit and capability without regard to race, color, religion, sex, national origin, or to a limited extent, age or disability, for all members of the PHS Commissioned Corps, in factors such as appointment, training, career development, and any other personnel practices that might affect the member's opportunities and work environment."

29. Section E of the same policy states that all members of the Commissioned Corps are afforded equal opportunity when considered for appointment, career development, and promotion consistent with the laws and regulations affecting the PHS Commissioned Corps. Every officer shall be free from any and all restraint, interference, or reprisal in filing or pursuing any complaint or appeal.

30. In her complaint, CDR Wanca asserted that the Surgeon General's March 10, 2017 denial of her request for waiver of permanent promotion criteria denied her consideration and

fair treatment based on merit and capability without regard to sex or age; and this action denied her equal opportunity for promotion consideration in accordance with federal law.

31. Additionally, Mr. Sloan's arbitrary and capricious denial of Commander Wanca's request for redress on April 17, 2017 violates her freedom from any and all restraint or interference in filing or pursuing any complaint or appeal.

32. The request for redress was submitted in accordance with CCI 211.04, and Mr. Sloan's justification that the request for redress was not submitted properly and timely is without basis.

33. In relief, Commander Wanca sought proper re-consideration and approval of her permanent promotion waiver, have the promotion apply retroactive to 2016, and adjust her Training and Experience Date (TED) to include her time in the Air Force as meeting requirements under federal law, thereby allowing her to be considered for permanent as well as temporary promotion in grade in 2018, and annually, thereafter.

34. In an e-mail dated June 2, 2017, Mr. Leonard J. Levy, a Senior EEO Specialist assigned to process CDR Wanca's EEO complaint, advised undersigned counsel that he "needed clarification from the HIS Commissioned Corps Liaison as to one of the issues. They are researching my questions and as soon as they get back to me, I will finish preparing the Accept/Dismiss letter."

35. On June 6, 2017, undersigned counsel submitted an appeal of the Secondary Reviewer Decision, which had timely appealed the April 27, 2017 denial of Request for Redress.

36. In response, CDR Angela Mtwungwa, the Director, Division of Commissioned Personnel Support, advised CDR Wanca's counsel that:

> Consideration of the appeal was in process. However, as the Commissioned Corps Liaison for the Indian Health Service, I was contacted by the IHS Diversity Management

6

>and Equal Employment Opportunity (EEO) Office with a procedural question regarding the formal EO complaint filed by CDR Wanca pertaining to issues connected to the request for redress.
>
>The Complaints and Redress policy (CCI 211.04) states in Section 2 that the referenced instruction does not apply to "situations where there are other established hearing or appeal procedures, including but not limited to, equal opportunity…"
>
>Further, the Employment Opportunity policy (CC 26.1) states in Section G.4., page 16, "When allegations of discrimination are raised in connection with a grievance, processing of the grievance shall be terminated with respect to those allegations regarding discrimination".
>
>Pursuant to these policies, processing of the request for redress has been terminated. The EO claim will continue to be processed under policies governing that procedure.

37. In an August 7, 2017 e-mail to Mr. Keian Weld, Senior Attorney, DHHS, OGC, General Law Division, undersigned counsel observed that,

>I submitted CDR Wanca's EEO complaint on May 5, 2017. Once the EEO Officer receives the complaint, he or she reviews it and the EEO Officer "may issue a preliminary decision to dismiss a complaint in whole, or in part." If the preliminary decision is to dismiss the complaint, the EEO Officer "shall issue a notice of dismissal…notifying the complainant within 30 days of receipt of a formal complaint." Therefore, we are past the 30 days and no preliminary dismissal (whole or partial).
>
>The EEO Policy states that the EEO Officer "shall furnish the complainant with a copy of the ROI (Report of Investigation) within 90 days of the filing of the formal complaint." 90 days from the May 5 May submission is August 3, 2017. In accordance with policy, the EEO Officer should respond no later than August 3, 2017. "The timeframe may be extended for a period not to exceed 45 days if agreed upon by the affected parties."

38. In response, in an e-mail of the same day, Mr. Weld observed that "you may not be aware of it, but officer don't have EEO rights – check WESTLAW and title 42…From my review, there is no meritorious case here and it merely a play to get something that Officer Wanca is not entitled to."

39. In a letter dated September 28, 2017, Horace R. Robinson, the Compliance officer, EEO Compliance and Operations Division, advised CDR Wanca that two claims had been accepted and identified in CDR Wanca's complaint:

7

    A. On March 10, 2017, Complainant was denied a request for waiver of permanent promotion criteria; and

    B. On April 10, 2017, CDR Wanca was denied a request for redress in accordance with CCI 211.04.

40. In an October 5, 2017 letter to Mr. Robinson, undersigned counsel requested amendment of her complaint to include two additional claims:

    A. That on or about July 7, 2017, in response to undersigned counsel registering a complaint that CDR Wanca's case was being mishandled, Karen Sicard, an attorney in the DHHS/OGC/General Law Division, made the following reprisal threat: "I just hope she doesn't lose her O-5 retirement as a result of this."

    B. That on or about August 7, 2017, in refusing to address undersigned counsel's complaint that her EEO complaint was being mishandled by the agency, Mr. Keian Weld, Senior Attorney, DHHS/OGC/General Law Division, Claims and Employment Law Branch, stated the following:

        (1) "Officers have no EEO rights;"

        (2) "You may not be aware of it, but officers don't have EEO rights – check WESTLAWW and Title 42;" and

        (3) "From my review, there is no meritorious case here and it merely (sic) a play to get something that Officer Wanca is not legally entitled too (sic)."

41. To date, no action has been taken on the requested amendment and the EEO investigation is pending.

## VI. CLAIMS

### Claim I: Mandamus Relief

42. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Respondent has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Hamandi v. Chertoff, 550 F.Supp.2d 46, 53 (D.D.C. 2008). Petitioner easily meets all three of these criteria.

### i. *Petitioner Has a Clear Right to the Relief Requested*

43. Respondent has deliberately, willfully, and unreasonably refused to waive the permanent promotion criteria as provided for under federal law. Respondent has also failed to process Petitioner's formal complaint as provided for under agency regulations

### ii. *Respondents Have a Clear Duty to Perform the Act in Question*

44. This Writ of Mandamus should be granted because Respondent owes Petitioner the duty to act on her request. See Donovan v. United States, 580 F.2d 1203, 1208 (3rd Cir. 1978), holding that Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act. The Respondent has a clear duty to act and approve Petitioner's request. As here, where the government has failed to take any action, the Court may order the Respondents to adjudicate an application or petition. See e.g., Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997).

45. Mandamus is also appropriate because the government has failed to act within a reasonable amount of time. See Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D.N.Y. 2004), noting that section 555(b) of the Administrative Procedure Act (APA) requires the government to act

within a reasonable period of time. CDR Wanca has provided all requisite documents in a timely manner. Moreover, she and her counsel have repeatedly been given conflicting information about its status.

46. Because Respondent has a clear duty to properly adjudicate Petitioner's request to have the promotion requirement waived and has filed a properly based EEO complaint, and Respondent has failed to act within a reasonable period of time, the Court may order Respondent to promptly adjudicate the requests.

### iii. *No Other Adequate Remedy is Available to Petitioner*

47. The Writ of Mandamus ought to be granted because Petitioner has no alternative means of attaining action and her right to a decision on her request is "clear and indisputable." Allied Chemical Corps v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Through the last ten months, Petitioner has utilized all administrative means, short of filing suit, to procure a decision from Respondent, including phone calls, emails and letters from her attorney. As noted above, this has been to no avail. Because no other adequate remedy is available to Petitioner, this Honorable Court may order Respondents to adjudicate and grant Petitioner's requests.

### Claim II:  Violation of the Administrative Procedure Act (APA)

48. Petitioner re-alleges the allegations contained in Paragraphs 1 through 41 as though fully set forth therein.

49. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702. Agency action includes the failure to act. *Id.* § 551(13). Because the APA requires agencies to conclude matters presented to them "within a reasonable time," *id.* § 555(b), a court may sometimes "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).

50. Throughout this time, the Respondent has failed to act on CDR Wanca's properly filed EEO complaint and to grant her a waiver of the permanent promotion criteria.  Such failure to act constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

51.  The Administrative Procedure Act ("APA") entitles a party aggrieved by agency action to seek judicial review. 5 U.S.C. § 702 (2012). Under the APA, courts are required to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A).

52. The action of the Respondent is *ultra vires*.

53. There is no adequate remedy at law and monetary compensation is not practical in the instant case.  CDR Wanca has complied with all USPHS requirements throughout her service and has been performing in exemplary fashion at her current post. Therefore, there is no basis upon which she should be denied a waiver of the permanent promotion criteria.  The agency's lack of timeliness in following its own internal procedures and violating federal law, constitutes certain harm.  The USPHS has erred in failing to act in accordance with federal law.

### VII.  Requested Relief

54.  Petitioner requests the Court to order (1) the Respondent to process CDR Wanca's properly filed EEO complaint; (2) Respondent to approve her permanent promotion waiver, have the promotion apply retroactive to 2016, and adjust her Training and Experience Date (TED) to include her time in the Air Force as meeting requirements under federal law, thereby allowing her to be considered for permanent as well as temporary promotion in grade in 2018, and annually, thereafter; (3) the Respondent to pay Petitioner attorneys fees and costs; and, (4) grant any other relief that justice so requires.

## VII. Conclusion

55. Based on the foregoing, Petitioner respectfully requests that this Court grant the requested relief.

Respectfully submitted,

David P. Sheldon (CAAF Bar # 27912)
LAW OFFICES OF DAVID P. SHELDON, PLLC
100 M Street SE, Suite 600
Washington, DC  20003
*davidsheldon@militarydefense.com*
(202) 546-9575 (w)
(202) 546-0135 (f)
(202) 468-4111 (c)